HOWARD L. MEYER, Appellant, v. L. N. WHISSEL LUMBER Co., INC., Respondent.— Judgment affirmed, with costs. Certain findings of fact disapproved and reversed. Memorandum. We affirm this judgment on these propositions only: (a) The clause in agreement (Exhibit A) and in the reformed deed is ambiguous and viewed in the light of all the surrounding circumstances was not a covenant to pay the release amounts nor in any respect a covenant for the assumption of the mortgages upon the property. (b) The contract (Exhibit VI) is not binding upon the defendant because executed by its president and general manager without authority either express or implied. All concur, except Taylor and Thompson, JJ., who dissent and vote for reversal and for granting of all the relief demanded in the complaint in the following memorandum by Taylor, J.: Reformation of a deed on the ground of mutual mistake cannot be had except upon evidence clear, positive and unequivocal. (*Allison Bros. Co.* v. *Allison*, 144 N. Y. 21; *Southard* v. *Curley*, 134 id. 148.) I fail to find such evidence. Exhibit A was amended by defendant's counsel after due deliberation. He himself inserted the words (at least twenty per cent of the frontage of said premises) "must be released from said mortgages" (per annum, beginning with the year 1929). He

left the remainder of the sentence quoted from to read " and interest on the mortgages to the extent of the release clause provisions must be paid to first party as it matures so that the same may be paid by first party to the respective mortgagees," he having himself inserted the word " must." This document, thus solemnly rewritten, was executed by the parties. I cannot see that the paragraph as amended is ambiguous. Nor can I see how the presence of the words " must be released," etc., can be held to have been the result of mutual mistake, or — as the official referee has seemingly assumed — that the paragraph as amended does not impose upon defendant an obligation to pay the twenty per cent per annum on principal and the interest. And such an obligation is reasonable and natural. For without such an agreement the grantor of this large tract would have no remedy against the defendant grantee in case no lots were subsequently released and no payments were made by the grantee upon principal or interest secured by the two mortgages. I should add that the amended paragraph is not a statement of a " pre-existing situation "— as contended by respondent's counsel. It is not derived from the mortgages but embodies an entirely new agreement between the parties to it. At most we are dealing not with any mutual mistake but with a difference of opinion as to the legal significance of the words under consideration placed in the contract by defendant's lawyer. I find them to import an agreement by defendant to pay.